1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, CA 91367
   Telephone: (818) 347-3333
4  Facsimile: (818) 347-4118

5  LAW OFFICES OF MARJORIE BARRIOS
   Marjorie Barrios, Esq. (SBN 242159)
6  iecivillaw@gmail.com
   P.O. Box 500
7  San Bernardino, CA 92402
   Telephone: (909) 888-6000

8
   *Attorneys for Plaintiffs*
9  K.T. and A.T., both minors by and through their *guardian ad litem*, Debra Jean
   Conrad, in each case individually and as successor in interest to Anthony
10 Thompson, deceased; SUMMER THOMPSON, individually and as successor in
   interest to Anthony Thompson, deceased; LORETTA TRAVILLION, individually;
11 and GARY THOMPSON, individually,

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14  K.T. and A.T., both minors by and        Case No. EDCV 14-0003-VAP
    through their *guardian ad litem*, Debra                  (OTBx)
15  Jean Conrad, in each case individually
    and as successor in interest to Anthony   **COMPLAINT FOR DAMAGES**
16  Thompson, deceased; SUMMER
    THOMPSON, individually and as            1. Unreasonable Search and Seizure—
17  successor in interest to Anthony            Detention and Arrest (42 U.S.C. §
    Thompson, deceased; LORETTA                 1983)
18  TRAVILLION, individually; and GARY      2. Unreasonable Search and Seizure—
    THOMPSON, individually,                     Excessive Force (42 U.S.C. § 1983)
19                                            3. Unreasonable Search and Seizure—
                          Plaintiffs,           Denial of Medical Care (42 U.S.C.
20              vs.                              § 1983)
                                             4. Substantive Due Process—(42
21  COUNTY OF RIVERSIDE and DOES              U.S.C. § 1983)
    1-10, inclusive,                         5. Municipal Liability for
22                                              Unconstitutional Custom, Practice,
                          Defendants.           or Policy—(42 U.S.C. § 1983)
23                                           6. False Arrest/ False Imprisonment
                                             7. Battery (Wrongful Death)
24                                           8. Negligence (Wrongful Death)
                                             9. Violation of Cal. Civil Code § 52.1
25
                                             **DEMAND FOR JURY TRIAL**
26

27

28

-1-

COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

K.T. and A.T., both minors by and through their *guardian ad litem*, Debra Jean Conrad, in each case individually and as successor in interest to Anthony Thompson, deceased, SUMMER THOMPSON, individually and as successor in interest to Anthony Thompson, deceased, LORETTA TRAVILLION, individually, and GARY THOMPSON, individually, for their Complaint against Defendants COUNTY OF RIVERSIDE and DOES 1-10, inclusive, allege as follows:

## INTRODUCTION

1.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of Plaintiffs' father, husband, and son, Anthony Thompson ("DECEDENT"), on June 25, 2013.

2.     Defendants DOES 1-5 ("DOE DEPUTIES") proximately caused DECEDENT's and Plaintiffs' injuries by firing the shots that killed DECEDENT, by integrally participating or failing to intervene in the shooting, and by engaging in other acts and/ or omissions around the time of the shooting that resulted in his death. Defendants DOE DEPUTIES are directly liable for Plaintiffs' injuries under federal law pursuant to 42 U.S.C. § 1983.

3.     Defendants COUNTY OF RIVERSIDE ("COUNTY") and DOES 6-10 also proximately caused DECEDENT's and Plaintiffs' injuries and are liable under state law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

4.     The policies and customs behind shootings of civilians such as Anthony Thompson are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiffs herein seek by means of this civil rights action to hold accountable those responsible for the killing of Anthony Thompson and to challenge the COUNTY's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## **PARTIES**

5.     At all relevant times, decedent Anthony Thompson was an individual residing in the County of Riverside, California.

6.     Plaintiff K.T. is a minor individual residing in the county of Riverside, California and is the natural born child of DECEDENT. K.T. sues by and through her *Guardian Ad Litem* Summer Thompson both in her individual capacity as the child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to pursuant to California Code of Civil Procedure § 377.60(a). K.T. seeks both survival and wrongful death damages under federal and state law.

7.     Plaintiff A.T. is a minor individual residing in the county of Riverside, California and is the natural born child of DECEDENT. A.T. sues by and through her *Guardian Ad Litem* Summer Thompson both in her individual capacity as the child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to pursuant to California Code of Civil Procedure § 377.60(a). A.T. seeks both survival and wrongful death damages under federal and state law.

8.     Plaintiff SUMMER THOMPSON is an individual residing in the county of Riverside, California and is the wife of DECEDENT. SUMMER THOMPSON sues both in her individual capacity as the wife of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to

-3-

1  California Code of Civil Procedure § 377.60(a). SUMMER THOMPSON seeks both

2  survival and wrongful death damages under federal and state law.

3      9.    Plaintiff LORETTA TRAVILLION is an individual residing in the

4  county of Riverside, California and is the natural mother of DECEDENT.

5  LORETTA TRAVILLION sues in her individual capacity as the mother of

6  DECEDENT.

7      10.    Plaintiff GARY THOMPSON an individual residing in the county of

8  Riverside, California and is the natural father of DECEDENT. GARY THOMPSON

9  sues in his individual capacity as the father of DECEDENT.

10     11.    Defendants DOE DEPUTIES are sheriff's deputies for the Riverside

11  County Sheriff's Department. DOE DEPUTIES were acting under color of law

12  within the course and scope of their duties as sheriff's deputies for the Riverside

13  County Sheriff's Department. DOE DEPUTIES were acting with the complete

14  authority and ratification of their principal, Defendant COUNTY.

15     12.    Defendants DOES 6-8 are supervisorial officers for the Riverside

16  County Sheriff's Department who were acting under color of law within the course

17  and scope of their duties as sheriff's deputies for the Riverside County Sheriff's

18  Department. DOES 6-8 were acting with the complete authority and ratification of

19  their principal, Defendant COUNTY.

20     13.    Defendants DOES 9-10 are managerial, supervisorial, and

21  policymaking employees of the Riverside County Sheriff's Department, who were

22  acting under color of law within the course and scope of their duties as managerial,

23  supervisorial, and policymaking employees for the Riverside County Sheriff's

24  Department. DOES 9-10 were acting with the complete authority and ratification of

25  their principal, Defendant COUNTY.

26     14.    On information and belief, DOES 1-10 were residents of the County of

27  Riverside.

28

-4-

COMPLAINT FOR DAMAGES

15.     At all relevant times, Defendant COUNTY is and was a duly organized public entity, form unknown, existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Riverside County Sheriff's Department and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Riverside County Sheriff's Department and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Defendant DOE DEPUTIES.

16.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE DEPUTIES were acting on the implied and actual permission and consent of supervisory Defendants DOES 6-10.

17.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the COUNTY.

18.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

19.     At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

COMPLAINT FOR DAMAGES

20.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and its agents ratified all of the acts complained of herein.

21.     All Defendants who are natural persons, including DOES 1-10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the Riverside County Sheriff's Department.

22.     Anthony Thompson died as a direct and proximate result of the actions of Defendants DOE DEPUTIES. Defendants DOE DEPUTIES are directly liable for Plaintiffs' injuries under federal law pursuant to 42 U.S.C. § 1983.

23.     Defendants COUNTY and DOES 6-10 are liable for Plaintiffs' injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2, 820, and 820.8.

24.     On October 3, 2013, Plaintiffs filed comprehensive and timely claims for damages with the County of Riverside pursuant to applicable sections of the California Government Code.

## JURISDICTION AND VENUE

25.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

-6-

COMPLAINT FOR DAMAGES

26.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

27.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28.     DECEDENT Anthony Thompson sustained injuries, including but not limited to pain and suffering, loss of enjoyment of life, and death when he was shot by DOE DEPUTIES, on-duty sheriff's deputies for the Riverside County Sheriff's Department who were acting under color of law and as employees of the Riverside County Sheriff's Department. Defendants DOES 1-10, inclusive, integrally participated in or failed to intervene in the shooting.

29.     On June 25, 2013 at approximately 3:15 p.m., DOE DEPUTIES in a marked patrol vehicle shot DECEDENT multiple times. DECEDENT was in the driver's seat of his vehicle at the time of the shooting.

30.     Upon information and belief, after being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

31.     The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was unarmed and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

COMPLAINT FOR DAMAGES

32.     Plaintiffs K.T., A.T., and SUMMER THOMPSON were dependent on DECEDENT, including financially dependent.

33.     Plaintiffs K.T. and A.T. are DECEDENT's successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the biological children of DECEDENT.

34.     Plaintiff SUMMER THOMPSON is DECEDENT's successor in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as legal wife of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Plaintiffs K.T., A.T., and SUMMER THOMPSON Against Defendants DOE DEPUTIES)

35.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36.     When Defendants DOE DEPUTIES shot DECEDENT and placed him in handcuffs, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to the DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.     Defendants DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested him without probable cause.

38.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

COMPLAINT FOR DAMAGES

1    39.    As a result of their misconduct, Defendants DOE DEPUTIES are liable

2  for DECEDENT's injuries, either because they were integral participants in the

3  wrongful detention and arrest, or because they failed to intervene to prevent these

4  violations.

5    40.    K.T., A.T., and SUMMER THOMPSON bring this claim in each case

6  as successor-in-interest to the DECEDENT, and in each case seek both survival and

7  wrongful death damages for the violation of DECEDENT's rights.

8    41.    Plaintiffs also seek attorney fees under this claim.

9

10    **SECOND CLAIM FOR RELIEF**

11    **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

12    (Plaintiffs K.T., A.T., and SUMMER THOMPSON Against Defendants DOE

13    DEPUTIES)

14    42.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

15  through 41 of this Complaint with the same force and effect as if fully set forth

16  herein.

17    43.    Defendants DOE DEPUTIES' unjustified shooting deprived

18  DECEDENT of his right to be secure in his person against unreasonable searches

19  and seizures as guaranteed to DECEDENT under the Fourth Amendment to the

20  United States Constitution and applied to state actors by the Fourteenth Amendment.

21    44.    As a result, DECEDENT suffered extreme pain and suffering and

22  eventually suffered a loss of life and of earning capacity.

23    45.    The shooting was excessive and unreasonable, especially because

24  DECEDENT was unarmed and posed no immediate threat of death or serious bodily

25  injury at the time of the shooting.

26    46.    Defendants DOE DEPUTIES' shooting and use of force violated their

27  training.

28

-9-

47.    The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants DOE DEPUTIES.

48.    Plaintiffs K.T., A.T., and SUMMER THOMPSON bring this claim in each case as a successor-in-interest to DECEDENT, and in each case seek both survival and wrongful death damages for the violation of DECEDENT's rights.

49.    Plaintiffs claim funeral and burial expenses and a loss of financial support. Plaintiffs also seek attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Plaintiffs K.T., A.T., and SUMMER THOMPSON Against Defendants DOE DEPUTIES)

50.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51.    The denial of medical care by Defendants DOE DEPUTIES deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

52.    As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

COMPLAINT FOR DAMAGES

53.    Defendants DOE DEPUTIES knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

54.    The conduct of DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

55.    Plaintiffs K.T., A.T., and SUMMER THOMPSON bring this claim in each case as a successor-in-interest to DECEDENT, and in each case seek both survival and wrongful death damages for the violation of DECEDENT's rights.

56.    Plaintiffs also seek attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(All Plaintiffs Against Defendants DOE DEPUTIES)

57.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as if fully set forth herein.

58.    K.T. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff K.T.'s familial relationship with her father, DECEDENT.

59.    A.T. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the

COMPLAINT FOR DAMAGES

1  conscience, including but not limited to unwarranted state interference in Plaintiff

2  A.T.'s familial relationship with her father, DECEDENT.

3      60.    SUMMER THOMPSON had a cognizable interest under the Due

4  Process Clause of the Fourteenth Amendment of the United States Constitution to be

5  free from state actions that deprive her of life, liberty, or property in such a manner

6  as to shock the conscience, including but not limited to unwarranted state

7  interference in Plaintiff SUMMER THOMPSON's familial relationship with her

8  husband, DECEDENT.

9      61.    LORETTA TRAVILLION had a cognizable interest under the Due

10  Process Clause of the Fourteenth Amendment of the United States Constitution to be

11  free from state actions that deprive her of life, liberty, or property in such a manner

12  as to shock the conscience, including but not limited to unwarranted state

13  interference in Plaintiff LORETTA TRAVILLION's familial relationship with her

14  son, DECEDENT.

15      62.    GARY THOMPSON had a cognizable interest under the Due Process

16  Clause of the Fourteenth Amendment of the United States Constitution to be free

17  from state actions that deprive him of life, liberty, or property in such a manner as to

18  shock the conscience, including but not limited to unwarranted state interference in

19  Plaintiff GARY THOMPSON's familial relationship with his son, DECEDENT.

20      63.    The aforementioned actions of DOE DEPUTIES, along with other

21  undiscovered conduct, shock the conscience, in that they acted with deliberate

22  indifference to the constitutional rights of DECEDENT and Plaintiffs, and with

23  purpose to harm unrelated to any legitimate law enforcement objective.

24      64.    DOE DEPUTIES thus violated the substantive due process rights of

25  Plaintiffs to be free from unwarranted interference with their familial relationship

26  with DECEDENT.

27

28

COMPLAINT FOR DAMAGES

65.    As a direct and proximate cause of the acts of DOE DEPUTIES, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.

66.    Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

67.    The conduct of DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

68.    Plaintiffs K.T., A.T., and SUMMER THOMPSON bring this claim in each case individually and as a successor-in-interest to DECEDENT, and in each case seek both survival and wrongful death damages for the violation of DECEDENT's rights.

69.    Plaintiff LORETTA TRAVILLION brings this claim individually and seeks wrongful death damages.

70.    Plaintiffs also seek attorney fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Plaintiffs K.T., A.T, and SUMMER THOMPSON Against Defendants COUNTY and DOES 6-10)

71.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 70 of this Complaint with the same force and effect as if fully set forth herein.

-13-

1    72.    On information and belief, Defendants DOE DEPUTIES' unjustified

2  shooting of DECEDENT was found to be within Riverside County Sheriff's

3  Department policy.

4    73.    On information and belief, Defendants DOE DEPUTIES' unjustified

5  shooting of DECEDENT was ratified by Riverside County Sheriff's Department

6  supervisorial officers.

7    74.    On information and belief, Defendants DOE DEPUTIES were not

8  disciplined for the unjustified shooting DECEDENT.

9    75.    On and for some time prior to June 25, 2013 (and continuing to the

10  present date), Defendants COUNTY and DOES 6-10, acting with gross negligence

11  and with reckless and deliberate indifference to the rights and liberties of the public

12  in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation

13  and comparable position in particular, knowingly maintained, enforced and applied

14  an official recognized custom, policy, and practice of:

15          (a)    Employing and retaining as police officers and other personnel,

16                 including DOE DEPUTIES, whom Defendants COUNTY and

17                 DOES 6-10 at all times material herein knew or reasonably

18                 should have known had dangerous propensities for abusing their

19                 authority and for mistreating citizens by failing to follow written

20                 Riverside County Sheriff's Department policies, including the

21                 use of excessive force;

22          (b)    Of inadequately supervising, training, controlling, assigning, and

23                 disciplining COUNTY sheriff's deputies and other personnel,

24                 including DOE DEPUTIES, whom Defendants COUNTY and

25                 DOES 6-10 knew or in the exercise of reasonable care should

26                 have known had the aforementioned propensities and character

27                 traits, including the propensity for violence and the use of

28                 excessive force;

COMPLAINT FOR DAMAGES

1        (c)   By maintaining grossly inadequate procedures for reporting,

2              supervising, investigating, reviewing, disciplining and

3              controlling the intentional misconduct by Defendants DOE

4              DEPUTIES, who are sheriff's deputies and/or agents of

5              COUNTY;

6        (d)   By failing to discipline COUNTY sheriff's deputies' and/or

7              agents' conduct, including but not limited to, unlawful detention

8              and excessive force;

9        (e)   By ratifying the intentional misconduct of DOE DEPUTIES and

10            other sheriff's deputies and/ or agents, who are sheriff's deputies

11            and/or agents of COUNTY;

12       (f)   By having and maintaining an unconstitutional policy, custom,

13            and practice of detaining and arresting individuals without

14            probable cause or reasonable suspicion, and using excessive

15            force, including deadly force, which also is demonstrated by

16            inadequate training regarding these subjects.  The policies,

17            customs, and practices of Defendants COUNTY and DOES 6-10

18            were maintained with a deliberate indifference to individuals'

19            safety and rights; and

20       (g)   By failing to properly investigate claims of unlawful detention

21            and excessive force by COUNTY sheriff's deputies.

22    76.    By reason of the aforementioned policies and practices of Defendants

23 COUNTY and DOES 6-10, DECEDENT was severely injured and subjected to pain

24 and suffering and lost his life.

25    77.    Defendants COUNTY and DOES 6-10, together with various other

26 officials, whether named or unnamed, had either actual or constructive knowledge

27 of the deficient policies, practices and customs alleged in the paragraphs above.

28 Despite having knowledge as stated above, these defendants condoned, tolerated and

COMPLAINT FOR DAMAGES

1  through actions and inactions thereby ratified such policies. Said defendants also
2  acted with deliberate indifference to the foreseeable effects and consequences of
3  these policies with respect to the constitutional rights of DECEDENT, Plaintiffs,
4  and other individuals similarly situated.

5       78.    By perpetrating, sanctioning, tolerating and ratifying the outrageous
6  conduct and other wrongful acts, Defendants DOES 6-10 acted with intentional,
7  reckless, and callous disregard for the life of DECEDENT and for DECEDENT's
8  and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and
9  customs implemented, maintained, and still tolerated by Defendants COUNTY and
10  DOES 6-10 were affirmatively linked to and were a significantly influential force
11  behind the injuries of DECEDENT and Plaintiffs.

12       79.    The actions of each of Defendants DOES 6-10 were willful, wanton,
13  oppressive, malicious, fraudulent, and extremely offensive and unconscionable to
14  any person of normal sensibilities, and therefore warrants the imposition of
15  exemplary and punitive damages as to Defendants DOES 6-10.

16       80.    By reason of the aforementioned acts and omissions of Defendants
17  COUNTY and DOES 6-10, Plaintiffs were caused to incur funeral and related burial
18  expenses, and loss of financial support.

19       81.    By reason of the aforementioned acts and omissions of Defendants
20  COUNTY and DOES 6-10, Plaintiffs have suffered loss of love, companionship,
21  affection, comfort, care, society, and future support.

22       82.    Accordingly, Defendants COUNTY and DOES 6-10 each are liable to
23  Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

24       83.    Plaintiffs are claiming wrongful death damages based on Federal and
25  State law.

26       84.    Plaintiffs also seek attorney fees under this claim.

27

28

-16-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(By Plaintiffs K.T., A.T., and SUMMER THOMPSON Against All Defendants)

85.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 84 of this Complaint with the same force and effect as if fully set forth herein.

86.     Defendants DOE DEPUTIES, while working as sheriff's deputies for the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested him without probable cause.

87.     DECEDENT did not knowingly or voluntarily consent.

88.     The conduct of DOE DEPUTIES was a substantial factor in causing the harm to DECEDENT.

89.     Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90.     The conduct of DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

91.     Plaintiffs K.T., A.T., and SUMMER THOMPSON bring this claim in each case as a successor-in-interest to DECEDENT, and in each case seek both survival and wrongful death damages for the violation of DECEDENT's rights.

92.     Plaintiffs also seek attorney fees under this claim.

-17-

## SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Wrongful Death)

(By Plaintiffs K.T., A.T., and SUMMER THOMPSON Against All Defendants)

93.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 92 of this Complaint with the same force and effect as if fully set forth herein.

94.     DOE DEPUTIES, while working as sheriff's deputies for the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times. As a result of the actions of DOE DEPUTIES, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and also lost his earning capacity. DOE DEPUTIES had no legal justification for using force against DECEDENT, and said Defendants' use of force while carrying out their duties as sheriff's deputies was an unreasonable use of force.

95.     As a direct and proximate result of the conduct of DOE DEPUTIES as alleged above, Plaintiffs and DECEDENT suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

96.     Defendants DOES 6-10, inclusive, are directly liable and responsible for the acts of Defendants DOE DEPUTIES because DOES 6-10, inclusive, failed to adequately train, discipline, supervise, or in any other way control Defendants DOE DEPUTIES in the exercise of their unlawful use of excessive and lethal force.

97.     The COUNTY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within

-18-

1    the scope of the employment if the employee's act would subject him or her to

2    liability.

3       98.     The conduct of DOE DEPUTIES was malicious, wanton, oppressive,

4    and accomplished with a conscious disregard for the rights of Plaintiffs and

5    DECEDENT, entitling Plaintiffs, in each case individually and as a successor-in-

6    interest to DECEDENT, to an award of exemplary and punitive damages as to

7    Defendants DOES 1-10.

8       99.     Plaintiffs K.T., A.T., and SUMMER THOMPSON bring this claim in

9    each case as a successor-in-interest to DECEDENT, and in each case seek both

10    survival and wrongful death damages for the violation of DECEDENT's rights.

11       100.    Plaintiffs are claiming funeral and burial expenses and a loss of

12    financial support.  Plaintiffs also seek attorney fees under this claim.

13

## EIGHTH CLAIM FOR RELIEF
### Negligence (Cal. Govt. Code § 820 and California Common Law)
(Wrongful Death)
(By Plaintiffs K.T., A.T., and SUMMER THOMPSON Against All Defendants)

18       101.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

19    through 100 of this Complaint with the same force and effect as if fully set forth

20    herein.

21       102.    The actions and inactions of Defendants were negligent and reckless,

22    including but not limited to:

23            (a)     the failure to properly and adequately assess the need to detain,

24                arrest, and use force or deadly force against DECEDENT;

25            (b)     the negligent tactics and handling of the situation with

26                DECEDENT, including pre-shooting negligence;

27

28

-19-

1         (c)    the negligent detention, arrest, and use of force, including deadly

2                force, against DECEDENT;

3         (d)    the failure to provide prompt medical care to DECEDENT;

4         (e)    the failure to properly train and supervise employees, both

5                professional and non-professional, including DOE DEPUTIES;

6         (f)    the failure to ensure that adequate numbers of employees with

7                appropriate education and training were available to meet the

8                needs of and protect the rights of DECEDENT;

9     103.   As a direct and proximate result of Defendants' conduct as alleged

10 above, and other undiscovered negligent conduct, DECEDENT was caused to suffer

11 severe pain and suffering and ultimately died and lost earning capacity. Also as a

12 direct and proximate result of Defendants' conduct as alleged above, Plaintiffs

13 suffered extreme and severe mental anguish and pain and have been injured in mind

14 and body. Plaintiffs also have been deprived of the life-long love, companionship,

15 comfort, support, society, care and sustenance of DECEDENT, and will continue to

16 be so deprived for the remainder of their natural lives.

17     104.   The COUNTY is vicariously liable for the wrongful acts of Defendants

18 DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which

19 provides that a public entity is liable for the injuries caused by its employees within

20 the scope of the employment if the employee's act would subject him or her to

21 liability.

22     105.   The conduct of Defendants DOES 1-10 was malicious, wanton,

23 oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs

24 and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

25 DECEDENT, to an award of exemplary and punitive damages as to individual

26 Defendants DOES 1-10.

27

28

COMPLAINT FOR DAMAGES

106.   Plaintiffs K.T., A.T., and SUMMER THOMPSON bring this claim in each case as successor-in-interest to the DECEDENT, and in each case seek both survival and wrongful death damages for the violation of DECEDENT's rights.

107.   Plaintiffs also claiming funeral and burial expenses and a loss of financial support.  Plaintiffs also seek attorney fees under this claim.

## NINTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(By Plaintiffs K.T., A.T., and SUMMER THOMPSON Against All Defendants)

108.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 107 of this Complaint with the same force and effect as if fully set forth herein.

109.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

110.   On information and belief, Defendants DOES 1-10, inclusive, while working for the COUNTY, and acting within the course and scope of their duties as RIVERSIDE COUNTY SHERIFF'S DEPARTMENT sheriff's deputies, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting and killing DECEDENT without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying DECEDENT necessary medical care.

111.   When Defendants shot and killed DECEDENT and allowed him to lie bleeding on the pavement, they interfered with the civil rights of DECEDENT to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

COMPLAINT FOR DAMAGES

112.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

113.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by DOES 1-10, inclusive were intended to discourage him from exercising the above civil rights, to retaliate against him, or invoking such rights, or to prevent him from exercising such rights.

114.   Defendants successfully interfered with the above civil rights of DECEDENT.

115.   DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Plaintiffs have suffered mental anguish and pain and have been injured in mind and body.  Plaintiffs have been deprived of the life-long comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

116.   The conduct of Defendants was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT.

117.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, justifying an award of exemplary and punitive damages.

118.   Plaintiffs K.T., A.T., and SUMMER THOMPSON bring this claim in each case individually and as a successor-in-interest to DECEDENT, and in each case seek both survival and wrongful death damages for the violation of DECEDENT's rights.

119.   Plaintiffs also seek attorney fees under this claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants the County of Riverside and Does 1-10, inclusive, as follows:

      A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

      B.    For funeral and burial expenses, and loss of financial support;

      C.    For punitive damages against the individual defendants in an amount to be proven at trial;

      D.    For interest;

      E.    For reasonable costs of this suit and attorneys' fees; and

      F.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  December 21, 2013        LAW OFFICES OF DALE K. GALIPO
                                  LAW OFFICES OF MARJORIE BARRIOS

                                By _____
                                  Dale K. Galipo
                                  Marjorie Barrios
                                  Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a trial by jury.

3

4    DATED:  December 21, 2013          LAW OFFICES OF DALE K. GALIPO
                                        LAW OFFICES OF MARJORIE BARRIOS
5

6

7                                  By
                                        Dale K. Galipo
8                                       Marjorie Barrios
                                        Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-

COMPLAINT FOR DAMAGES

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

K.T., a minor, et. al

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

COUNTY OF RIVERSIDE and DOES 1-10

**(b)** County of Residence of First Listed Plaintiff   Riverside
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   RIVERSIDE
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

LAW OFFICES OF DALE K. GALIPO (818) 347-3333
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Civil Rights/ Wrongful Death under 42 U.S.C. Section 1983

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

---

**FOR OFFICE USE ONLY:**    Case Number:

CV-71 (11/13)                    **CIVIL COVER SHEET**                    Page 1 of 3

EDCV 14-0003

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**:  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [ ] Yes  [X] No | [ ] Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [X] Yes  [ ] No | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [X] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |

**C.1.  Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

[X] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in **this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: 12-21-13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |